STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>STERN AND COMPANY, INC., a suspended California corporation; and STEVE D. STERN, an individual,<br><br>Defendants. | Case No.: 2:10-cv-0851<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Stern and Company, Inc. ("Stern Co.") and Steven D. Stern ("Mr. Stern;" collectively with Stern Co. known herein as the "Defendants"), on information and belief:

## **NATURE OF ACTION**

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

1

**PARTIES**

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. Stern is, and has been at all times relevant to this lawsuit, a resident of Nevada.

5. Mr. Stern is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com ("GoDaddy"), as the registrant, administrative contact, and technical contact of the Internet domain found at <asternglance.com> (the "Domain").

6. Mr. Stern is, and has been at all times relevant to this lawsuit, identified as the "Founder at Stern and Company," as evidenced by Mr. Stern's LinkedIn webpage, attached hereto as Exhibit 1.

7. Stern Co. is, and has been at all times relevant to this lawsuit, a suspended California corporation.

8. Stern Co. is, and has been at all times relevant to this lawsuit, identified as the owner of www.asternglance.com (the content accessible through the Domain and the Domain itself, collectively known herein as the "Website"), on the Website.

**JURISDICTION**

9. This Court has original subject matter jurisdiction over this copyright infringement action, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

10. Mr. Stern purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

11. Stern Co. purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

12. Righthaven is the copyright owner of the literary work entitled, "Agency seeks damages from failed bank's officials" (the "Work"), attached hereto as Exhibit 2.

13.     At all times relevant to this lawsuit, the Work depicted and depicts the original source publication as the Las Vegas Review-Journal.

14.     The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

15.     On or about February 25, 2010, the Defendants displayed and continue to display an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

16.     At all times relevant to this lawsuit, the Infringement depicted and depicts the original source publication as the Las Vegas Review-Journal.

17.     At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas Review-Journal.

18.     The Infringement subject matter, at least in part, is the Community Bancorp, a Las Vegas, Nevada-based bank holding company.

19.     At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Las Vegas, Nevada residents.

20.     The Defendants copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled, "Silver State Credit Union to close branches" (the "Silver State Article"), attached hereto as Exhibit 4, from a source emanating from Nevada.

21.     On or about April 30, 2010, the Defendants displayed and continue to display the Silver State Article on the Website.

22.     The Defendants' display of the Silver State Article was and is purposefully directed at Nevada residents.

23.     The Defendants copied, on an unauthorized basis, a substantial and significant portion of the literary work entitled, "Jobless rate stays 13 percent" (the "Jobless Article"), attached hereto as Exhibit 5, from a source emanating from Nevada.

24.     On or about March 9, 2010, the Defendants displayed and continue to display the Jobless Article on the Website.

25. The Defendants' display of the Jobless Article was and is purposefully directed at Nevada residents.

26. The Defendants purposefully direct and effectuate the unauthorized reproductions of a Righthaven-owned copyrighted works on the Website.

27. The Defendants' unauthorized reproduction of Righthaven-owned copyrighted work found on the Website was and is purposefully targeted at Nevada residents.

28. The Defendants' contacts with Nevada are continuous and systematic because the Defendants published and publish, on the Website, content emanating from Nevada-based daily publications.

## **VENUE**

29. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(1), because Mr. Stern resides in Nevada.

30. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

31. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because Stern Co. is subject to personal jurisdiction in Nevada.

## **FACTS**

32. The Work constitutes copyrightable subject matter pursuant to 17 U.S.C. §102(a)(1).

33. Righthaven is the owner of the copyright in the Work.

34. The Work was originally published on February 25, 2010.

35. On May 13, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007139250

(the "Registration") and attached hereto as Exhibit 6, is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

36. As of June 1, 2010, Stern Co. claims ownership of the copyright(s) in the literary works posted on the Website as evidenced by a copyright notice displayed on the Website: "(c) 2002 – 2009 Stern and Company."

37. No later February 25, 2010, the Defendants reproduced the Infringement on the Website.

38. The Defendants replaced the Work's original title, "Agency seeks damages from failed bank's officials," with a new title, "LVRJ: FDIC SEEKS DAMAGES FROM COMMUNITY BANK OFFICERS AND DIRECTORS."

39. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

40. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

### CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

41. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 40 above.

42. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

43. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

44. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

45. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

46. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

47. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

48. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

49. The Defendants publicly displayed, and continue to display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

50. Stern Co. has willfully engaged in the copyright infringement of the Work.

51. Mr. Stern has willfully engaged in the copyright infringement of the Work.

52. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

53. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. §502.

## PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

      a.    All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

      b.    All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

      c.    All financial evidence and documentation relating to the Defendants' use of the Work;

3.    Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

4.    Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5.    Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

6.    Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7.    Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this fourth day of June, 2010.

                RIGHTHAVEN LLC

                By: /s/ J. Charles Coons
                STEVEN A. GIBSON, ESQ.
                Nevada Bar No. 6656
                J. CHARLES COONS, ESQ.
                Nevada Bar No. 10553
                9960 West Cheyenne Avenue, Suite 210
                Las Vegas, Nevada 89129-7701
                Attorneys for Plaintiff